IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No.: SAG-21-0089 |
| ETHAN GLOVER | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S MOTION IN LIMINE TO ALLOW INTRODUCTION OF L.E.'s CONTINUED INFORMANT STATUS ON CROSS-EXAMINATION AND AS REBUTTAL EVIDENCE**

The Defendant, Ethan Glover, through his attorneys, Joseph Murtha and Jennifer E. Smith, hereby respectfully moves this Honorable Court, *in limine*, pursuant to Federal Rules of Evidence 401 and 403, to allow counsel to cross examine L.E. regarding his status as a continued informant, and to enter text messages and voicemails sent to Ethan Glover by L.E. on rebuttal if L.E. denies such status on cross-examination. In support thereof, counsel states:

1. Ethan Glover is charged in Count Two of the Superseding Indictment with making a false statement to a federal law enforcement official. ECF 16 at 4. The basis for this charge is that the Government claims Mr. Glover was dishonest when he told federal officers that he never stole anything in his life. *Id.*

2. The Government contends that Ethan Glover was dishonest, in part, because a witness claimed he acted as a confidential informant, was paid $1,000.00 by the Baltimore Police Department Fiscal Section, decided he did not want to be a confidential informant, returned the funds to Mr. Glover, and Mr. Glover did not return those funds to the Baltimore Police Department. *Id.* at 5. This allegedly occurred in 2018.

3. The Government has disclosed the identity and prior statements of the above-referenced witness as L.E.

1

4. In his testimony before the grand jury in September 2021, L.E. testified that he knew Ethan Glover was a DEA agent, that he never interacted with Mr. Glover at work. *See* Exhibit 1 at 4. He further testified he turned over information related to a vehicular homicide because he thought it was something that should be investigated because he saw on the news that someone's grandmother had been killed in a hit and run. *Id.* at 9–10. L.E. testified that Mr. Glover told him he could receive money for the information he had given and to meet him in a building downtown to receive the money. *Id.* at 11–13. He testified that he did and accepted the cash, but after thinking about it several days, decided that he wanted to return the confidential informant funds because he did not want his name on paperwork. *Id.* at 14–15. Specifically, he testified that as a member of the motorcycle community if someone finds out you are a confidential informant, it would cause problems. *Id.* at 15. He testified that he did not want to be an informant. *Id.* at 16. He testified that he returned the money to Ethan Glover. *Id.* at 26.

5. Another Government witness, Sgt. Carl Cicchetti testified in grand jury that he was unaware what procedures would be followed if an informant returned informant funds because he has never had an informant return funds.

6. The defense has provided four screenshots of text messages and two voicemails sent from L.E. to Ethan Glover while L.E. was acting as an informant with Mr. Glover in 2020 for the purposes of rebutting L.E.'s testimony that he did not want to be an informant, if L.E. denies that he continued to act as an informant between the time he allegedly returned the funds and the time of his testimony before the grand jury. *See* Exhibit 2. The Government indicated that they opposed the cross-examination of L.E. pertaining to his continued informant status.

7. A full cross-examination of a witness upon the subjects of his examination in chief is the right, not the mere privilege, of the party against whom he is called." *United States v. Caudle*,

606 F.2d 451, 457 (4th Cir. 1979). "Cross examination is the principal means by which the believeability of a witness and the truth of his testimony are tested." *Davis v. Alaska,* 415 U.S. 308, 316 (1974). Unless it is unduly prejudicial, extrinsic evidence may be admitted to show a witness's bias and motive to fabricate charges. *See Crawford v. Washington*, 541 U.S. 36, 59-41 (2004). A defendant may cross-examine a prosecution witness if the information sought is relevant. *United States v. Zayyad.* 741 F.3d 452, 459 (4th Cir. 2014). Evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequent in determining the action." Fed. R. Evid. 401.

8. The fact that L.E. continued to act as an informant with law enforcement after he alleged he returned informant funds because he did not want to be an informant, brings into question whether L.E. testified truthfully in the grand jury when he said that he did not want to be an informant. If L.E. continued to act as an informant, it also makes it less likely that he returned informant funds to Mr. Glover. This is especially relevant in light of Sgt. Cicchetti's anticipated testimony that he never encountered an informant returning informant funds.

9. "Rebuttal evidence is defined as evidence given to explain, repel, counteract, or disprove facts given in evidence by the opposing party" or "[t]hat which tends to explain or contradict or disprove evidence offered by the adverse party." *United States v. Stitt,* 250 F.3d 878, 897 (4th Cir. 2001).

10. It is not counsel's intention to introduce text messages or voicemails unless L.E. claims that he did not continue If L.E. denies that he continued to act as an informant with law enforcement between allegedly returning informant funds and the time of his testimony before the grand jury in September 2021, the introduction of the text messages and voicemails would be proper rebuttal evidence as it would be offered for the purpose of disproving L.E.'s testimony.

3

**WHEREFORE,** for the reasons stated herein, the continued informant status of L.E. is a proper ground for cross-examination, and if L.E. denies his continued informant status, text messages and voicemails would serve as proper rebuttal evidence.

Respectfully submitted,

_____/s/_____
Jennifer E. Smith (Bar No. 20767)
The Law Offices of Gary E. Proctor, LLC
8 E. Mulberry Street
Baltimore, Maryland 21202
(410) 444-1500 (tel.)
(443) 836-9162 (fac.)
jennsmith0890@gmail.com

*Attorney for Defendant.*

**CERTIFICATE OF SERVICE**

     I hereby certify that on this day, November 18, 2022, a copy of the foregoing motion was served on all parties via ECF.

                                                              _____/s/_____
                                                               Jennifer E. Smith